## APPEAL OF EVERETT U. CROSBY.

Docket No. 3764.　Decided September 28, 1926.

*George G. Witter, Esq.*, for the Commissioner.

This appeal is from the determination of a deficiency in income tax for the year 1918 in the amount of $3,909.59.

There was no appearance for the taxpayer at the hearing, but it has been stipulated that so far as the same issues are involved, the facts are in all respects the same as those in the *Appeal of Henry I. Brown*, 4 B. T. A. 1129.

### FINDINGS OF FACT.

The taxpayer is a resident of Philadelphia, Pa.

During 1918 the taxpayer was a member of the partnerships of (1) Willcox, Peck, Brown & Crosby, (2) Henry W. Brown & Co..

(3) Brown, Crosby, Story & Co., and (4) the Independence Bureau. Henry I. Brown also owned interests in each of these firms and various other persons were interested in one or more of them.

During 1918 the taxpayer received from the Independence Bureau $3,000 as salary and $1,314.12 as his distributive share of the partnership profits. He reported his total income from this partnership as $4,314.12. The Commissioner increased this amount by $3,000 on the theory that the salary payment had not been reported.

The Commissioner determined that the books of the Independence Bureau were kept on the accrual basis during the year 1918, and in computing the taxpayer's income from that source increased the amount reported by the taxpayer in his return.

Because of disagreement among the partners as to the conduct of its affairs and in order to facilitate the retirement of one of the partners, it was decided during 1918 to dissolve the firm of Henry W. Brown & Co. Distribution of the assets was commenced, and, in an attempt to solve the problem of distributing accounts receivable they were arbitrarily charged off as bad debts. The Commissioner has disallowed the taxpayer's claim for a deduction from income of an amount equal to his share of these alleged bad debts.

During 1918 Henry W. Brown & Co. spent $2,248.23 for office furniture and equipment, and in accordance with its usual practice charged the expenditure to expense. The furniture and equipment bought has a useful life of at least 10 years. The Commissioner restored the amount mentioned to income of the partnership and increased the taxpayer's income accordingly.

The taxpayer owned a 39.54 per cent interest in a building at 435 Walnut Street, which was occupied under a lease by Henry W. Brown & Co., one of the partnerships of which the taxpayer was a member. The lease, which was for a five-year term ending December 31, 1918, provided that repairs and improvements were to be at the lessee's expense. The lease contained no " renewal clause " and there was no specific agreement that it would be renewed, yet the taxpayer understood that a renewal would be granted unless unforeseen developments occurred, and on expiration the lease was in fact renewed for a five-year period.

During 1918 Henry W. Brown & Co. found it necessary to lease three floors of an adjoining building at 437 Walnut Street. The new leasehold was unheated and the company therefore installed a new furnace at 435 Walnut Street, with a capacity sufficient to heat that building and the new leasehold.

The Commissioner determined that the cost of installation of the new furnace was income in the form of additional rent to the owners of 435 Walnut Street and accordingly increased the taxpayer's income by $1,846.72, representing his share of such alleged income.

The Commissioner added to the taxpayer's income the amount of tax paid at the source on interest received from tax-free covenant bonds.

OPINION.

MARQUETTE: The Commissioner erred in adding to the taxpayer's income, as reported by him for the year 1918, the amount of $3,000 representing salary paid him by the Independence Bureau, and the amount of the tax paid at the source on interest from tax-free covenant bonds. In all other respects the determination of the Commissioner is approved.

> *Order of redetermination will be entered on 15 days' notice, under Rule 50.*

PHILLIPS and SMITH dissent in so far as the decision includes the cost to the tenant of installing a furnace as income to the landlord.